**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS MIGUEL HERNANDEZ GALINDO, | Case No. 1:26-cv-06050-JLT-EPG |
| Petitioner, | A-Number: 245-760-423 |
| v. | ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS IN PART; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING |
| ORESTES CRUZ, et al., | |
| Respondents. | |
| | (Docs. 1, 2) |

## I.      INTRODUCTION

Before the Court is Luis Miguel Hernandez Galindo's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) For the foregoing reasons, the Court **GRANTS IN PART** the petition for writ of habeas corpus.

## II.      FACTUAL BACKGROUND

Petitioner is from Mexico who entered the United States in 2009 without inspection or parole by immigration officials. (Doc. 1 at 13, ¶ 47.) On July 28, 2026, Petitioner was taken into custody by ICE when he was apprehended at the Fresno field office of United Stats Citizenship and Immigration Services ("USCIS"). (Doc. 1 at 13, ¶ 48.) Petitioner alleges that when he was detained, his attorney was told various conflicting reasons for his detention, including that his I-

730 Refugee/Asylee Relative Petition had been denied. (*Id*. at ¶ 49.) After confirming with USCIS officials, Petitioner's attorney confirmed that his petition had not been denied.[1] (*Id*.) Petitioner also alleges that he was pressured by ICE to sign an agreement to self-deport based on a "lie" that his I-730 petition had been denied. (*Id*.) Petitioner has no criminal history, other than an arrest on suspicion of DUI where all charges were dismissed in 2011. (*Id*. at ¶ 51; Doc. 6 at 9.) On July 28, 2026, DHS issued Petitioner a Notice to Appear, charging him as removable pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 6 at 11.) Petitioner is detained at Golden State Annex Detention Facility in McFarland, California. (Doc. 1 at 2.) On July 28, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting, *inter alia,* that his due process rights have been violated. (Doc. 1 at 14-15.)

### III.    LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 13-14.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482

---

[1] According to the Form I-213 submitted by Respondents, Petitioner's I-730 application was denied. (Doc. 6 at 9.) Neither Petitioner nor Respondents attach any additional information concerning the status of Petitioner's I-730 application.

(1999).

## IV.   DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment and that Petitioner is entitled to a bond hearing under 8 USC § 1226(a). The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because it is unclear whether Respondents have provided Petitioner any kind of initial custody determination.[2] Thus, for the foregoing reasons, the Court **ORDERS:**

1.   The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above;

2.   **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.

3.   Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

---

[2] Though the record contains issuance of an administrative warrant, (Doc. 8 at 3), it is unclear whether DHS would have issued such warrant absent the statutory interpretation pursuant to § 1225(b) rejected above.

3

4. **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California, with a copy of this Order.

7. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:  August 11, 2026

_____
UNITED STATES DISTRICT JUDGE

4